Dear Mr. Freeman:
You have requested our legal opinion whether there is any period of time during which a "child care center" and a "family day care home" may legally operate prior to meeting the requirements of Section 210.211, RSMo 1978, and whether operation of such facilities would be illegal if licensed by an entity other than the Division of Family Services of the Department of Social Services.
Your request is to comply with an identical request by the Regional Administrator, Food and Nutrition Service (FNS), United States Department of Agriculture, for an opinion on these questions by the "chief legal officer" of the state, pursuant to Section 226.7(d)(4) of 7 CFR Part 226, the federal regulations governing administration of the "child care food program" (CCFP) of the Department of Agriculture.
Section 226.7(d)(4) sets forth procedures for approval of applications for child care centers and day care homes to participate in the CCFP where such facilities have applied for licensing but have not yet received a determination from the state licensing authority. Where permitted by state law, such facilities may participate in the federal program until they are denied licensure or approval by the state licensing authority, or their participation may be terminated after one year from the date of program approval if they have failed to take action to complete the requirements for licensing.
Section 226.7(d)(4) also provides that state agencies are exempt from implementing the procedures for program participation by facilities which have applied for but not received a state license "when state law mandates that entities of that type secure state licensure as a prerequisite to operation." The section continues: "State agencies seeking this exemption relative to a given type or types of child care entities shall submit for FNS review and approval documentation from the chief State legal officer that the condition for exemption exists within the State regarding the specified type or types."
The Missouri statute which governs the licensing of facilities of the type cited in your request is Section 210.211, RSMo, which provides, in pertinent part:
 It shall be unlawful for any person to establish, maintain or operate a boarding home for children, a day care home or day nursery for children, or a child placing agency as defined in Sections 210.201 to 210.245, or to advertise or hold himself out as being able to perform any of the services as defined in Section 210.201, without having in full force and effect a written license therefore granted by the Division of Family Services. . .
The state and federal definitions of child care facilities vary insignificantly for purposes of applying requirements of the federal program to the types of state child care facilities.
Section 210.210(4), RSMo 1978, provides:
 "Day care home" or "day nursery" shall be held to mean a house or other place conducted or maintained by any person who advertises or holds himself out as providing care for more than four children during the daytime, for compensation or otherwise, except those operated by a school system or in connection with a business establishment as a convenience for its customers, and except boarding homes for children as defined in Sections 210.201 to 210.245. . .
Section 226.2(f) of the federal regulations cited above defines "child care center" as "any public or private nonprofit organization licensed or approved to provide nonresidential child care service to enrolled children, primarily of preschool age, including but not limited to day care centers, settlement houses, neighborhood centers, Head Start centers and organizations providing day care services for handicapped children. . . ."
Section 226.2(j) of the federal regulations defines "day care home" as "an organized nonresidential child care program for children enrolled in a private home licensed or approved as a family or group day care home and under the auspices of a sponsoring organization."
In response to the specific questions raised in your opinion request, it is our legal opinion that:
(a) There is no period of time during which a child care center or a family day care home, which meets the definitional requirements of Section 210.201(4), RSMo 1978, may legally operate prior to meeting the licensure requirements of Section210.211, RSMo 1978.
(b) Operation of a child care center or day care home which meets the definitional requirements of Section 210.201(4), without obtaining approval from the Division of Family Services of the Missouri Department of Social Services, pursuant to Section 210.211, RSMo 1978, would constitute illegal operation.
Very truly yours,
 JOHN ASHCROFT Attorney General